IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DIANA L. FERNANDEZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HARTFORD LIFE AND ACCIDENT ) <br> INSURANCE COMPANY, ) <br> ) <br> Defendant. ) <br> ) | Case No.: _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Hartford Life and Accident Insurance Company ("Hartford") hereby files this Notice of Removal of this case from the Eighth Judicial District Court in and for Taos County, New Mexico, Case No. D-820-CV-2019-00091, to the United States District Court for the District of New Mexico. This case is removable pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims, in whole or in part, arise under the Employee Retirement Income Security Act of 1974 as amended ("ERISA"), 29 U.S.C. § 1001, et. seq., thus supplying federal question jurisdiction.

### SUMMARY OF THE LAWSUIT.

This case arises out of a dispute over long-term disability benefits. Plaintiff Diana L. Fernandez ("Plaintiff" or "Fernandez") alleges that she was covered under a plan of long-term disability insurance established and maintained by her employer, Los Alamos National Security, LLC. The plan was funded by a policy of insurance issued by Hartford. (Complaint at ¶¶ 9, 12, 17) Plaintiff submitted a claim for benefits under the Policy, which Hartford denied. (Complaint at ¶¶ 9, 17.)

Plaintiff has sued, apparently asserting claims for breach of fiduciary duty, payment of benefits under 29 U.S.C. § 1132(a)(1)(B), attorneys' fees, and breach of contract. She contends among other things, that:

- Hartford "administered the plan for its benefit, not solely in the interest of Plaintiff and other Plan participants, and thereby has violated its above fiduciary duty under ERISA." (Complaint at ¶ 15.)
- Hartford "has wrongfully denied her claim and has not paid Plaintiff any long term disability benefits due to her under the Plan." (Complaint at ¶ 17.)
- Hartford's position and conduct were without merit. (Complaint at ¶ 21.)
- Hartford's actions "denied Plaintiff her full and correct benefits under the Plan and constitute a breach of contract." (Complaint at ¶ 23.)
- Hartford's actions "breached the fiduciary duty under ERISA to administer the plan solely in the interest of the Plan's participants and beneficiaries. (Complaint at ¶ 24.)

For her damages, Plaintiff appears to seek recovery of plan benefits, compensatory damages and attorneys' fees. (Complaint at ¶¶ B-D.)

Removal is appropriate because this Court has diversity jurisdiction under 28 U.S.C. § 1332. Diversity exists because Plaintiff and Hartford are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *McPhail v. Deer & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

### THE COURT HAS FEDERAL QUESTION JURISDICTION

Plaintiff's claims concern disability benefits under a Group Policy of disability insurance provided by Hartford to Los Alamos National Security, LLC. ("the Group Policy"). (Complaint at ¶ 7.) The Group Policy is part of an employee welfare benefits plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(1). Indeed, the Complaint states on its face that Plaintiff seeks benefits under an ERISA Plan. (Complaint at ¶ 1.) Plaintiff is claiming entitlement to ERISA-regulated benefits. *See id.* ERISA preempts any state law claims alleged by Plaintiff and provides exclusive remedies for resolution of claims by

employee benefit plan participants and beneficiaries relating to an ERISA plan. *See* 29 U.S.C. § 1132(a)(1)(B); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). Such claims are removable under 28 U.S.C. § 1441(b) as an action arising under federal law even when, unlike here, the ERISA-related nature of the action does not appear on the face of a complaint. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). This is a well-recognized exception to the well pleaded complaint rule. *See id.*

Accordingly, this action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a), 29 U.S.C. § 1132(a).

Pursuant to 29 U.S.C. §§ 1132(e)(1) and (f) and 28 U.S.C. §§ 1331, 1441(b), the District Courts of the United States have original and/or exclusive jurisdiction over such claims without respect to the amount in controversy or the citizenship of the parties and may be removed to this Court.

## **MISCELLANEOUS**

A copy of this Notice of Removal is being filed with the Eighth Judicial District of Taos County as provided by law, and written notice is being sent to Plaintiff's counsel. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit 2.

The prerequisites for removal under 28 U.S.C. § 1441 have been met.

The allegations of this Notice are true and correct and this cause is removable to the United States District Court for the District of New Mexico.

If any question arises as to the propriety of the removal of this action, Hartford respectfully requests the opportunity to present a brief in support of their position that this cause is removable.

**WHEREFORE,** Hartford, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the Eighth Judicial District of Taos County, effects the removal of said civil action to this Honorable Court.

RESPECTFULLY SUBMITTED this 1st day of April, 2019.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

        /s/ Kristina N. Holmstrom
        Kristina N. Holmstrom
        kristina.holmstrom@ogletree.com
        Ann-Martha Andrews
        ann.andrews@ogletree.com
        Esplanade Center III, Suite 800
        2415 East Camelback Road
        Phoenix, AZ 85016
        Tel:  602.778.3700
        Fax:  602.778.3750
        ATTORNEYS FOR DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE CO.

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of April, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Donald D. Vigil
DONALD D. VIGIL, P.C.
100 Fourteenth St. SW
Albuquerque, NM 87102
Telephone: (505) 247-2020
donvigil@donalddvigil.com

SO CERTIFIED, this 1st day of April 2019.

        /s/ Elizabeth Linville
        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

37796746.1