# EXHIBIT 1



**Service of Process Transmittal**
03/04/2019
CT Log Number 535025863

| | |
|---|---|
| **TO:** | Daniela Bukowski-James<br>The Hartford<br>1 Hartford Plz # HO-1-09<br>Hartford, CT 06155-0001 |
| **RE:** | **Process Served in New Mexico** |
| **FOR:** | Hartford Life and Accident Insurance Company  (Domestic State: CT) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DIANA L. FERNANDEZ, Pltf. vs. HARTFORD LIFE AND ACCIDENT INSURANCE CO., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Letter |
| **COURT/AGENCY:** | Taos County Eighth Judicial District Court, NM<br>Case # D820CV201900091 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Espanola, NM |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/04/2019 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | New Mexico |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | DONALD D. VIGIL, P.C.<br>100 14TH Street, S.W.<br>Albuquerque, NM 87102<br>(505) 247-2020 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/04/2019, Expected Purge Date: 03/09/2019<br><br>Image SOP<br><br>Email Notification,  CTSOP Lawsuits (Not Specified)  SOPLawsuits.Law@thehartford.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>206 S. Coronado Ave<br>Espanola, NM 87532<br>214-932-3601 |

Page 1 of  1 / SM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



7012 3460 0000 1406 0550



NEW MEXICO OFFICE OF SUPERINTENDENT OF INSURANCE

Service of Process
PO Box 1689
Santa Fe, New Mexico 87504-1689

To: Hartford Life and Accident Insur.
CT Corp System
206 South Coronado Ave
Espanola, NM 87532

# STATE OF NEW MEXICO
# OFFICE OF SUPERINTENDENT OF INSURANCE

**DEPUTY SUPERINTENDENT**

Robert E. Doucette, Jr.



**DEPUTY SUPERINTENDENT**

Bryan E. Brock

**SUPERINTENDENT OF INSURANCE**

John G. Franchini

March 1, 2019

Hartford Life and Accident Insurance Co.
CT Corp System
206 South Coronado Av
Espanola, NM 87532

**RE: DIANA L. FERNANDEZ V. HARTFORD LIFE AND ACCIDENT INSURANCE CO.**
**D-820-CV-2019-00091**

Dear Sir or Madam:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a copy of a Summons and Complaint on the above styled cause. Service was accepted on your behalf on 3/1/2019.

Respectfully,

*John D. Franchini*

John G. Franchini, Superintendent

CERTIFIED MAIL#   7012 3460 0000 1406 550

# SUMMONS ON COMPLAINT

| Eighth Judicial District Court<br>Taos County, New Mexico<br>Court Address: 105 Albright Street Suite N<br>Taos, New Mexico 87571<br>Court Telephone: 575-758-3173 | Case Number: D-820-CV-2019-00091<br><br>Judge: |
|---|---|
| Plaintiff: DIANA L. FERNANDEZ<br>v.<br>Defendant: HARTFORD LIFE AND ACCIDENT INSURANCE CO. | Hartford Life and Accident Insurance Co.<br>c/o Office of Superintendent of Insurance<br>PO Box 1689<br>Santa Fe, NM 87504-1689 |

**TO THE ABOVE NAMED DEFENDANT(S):** Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA.) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org: 1-800-876-6657; or 1-505-797-6066.

Dated at ____Taos_____, New Mexico, this **27th** day of **February**, 20**19**.

**BERNA3E P. STRUCK**
CLERK OF THE COURT

By: /s/ Beverly Kuhn   2/27/2019
       Deputy



Attorney for Plaintiff
DONALD D. VIGIL, P.C.
100 14th Street, S.W.
Albuquerque, NM 87102
(505) 247-2020; Fax: (505) 764-8380
donvigil@donalddvigil.com

FILED
8th JUDICIAL DISTRICT COURT
Taos County
2/26/2019 12:41 PM
BERNABE P. STRUCK
CLERK OF THE COURT
BLK

STATE OF NEW MEXICO
COUNTY OF TAOS
EIGHTH JUDICIAL DISTRICT

DIANA L. FERNANDEZ,

        Plaintiff,

                        D-820-CV-2019-00091

vs.

HARTFORD LIFE AND ACCIDENT INSURANCE CO.,

        Defendant.

## COMPLAINT FOR LONG TERM DISABILITY, BREACH OF CONTRACT AND FOR VIOLATIONS OF ERISA

Plaintiff Diana L. Fernandez, by and through his attorney, Donald D. Vigil, P.C., states as to her causes of action against Defendant Hartford Life and Accident Insurance Co., as follows:

### INTRODUCTION

1. This case arises under the Employment Retirement Income Security Act of 1974 as amended, 29 U.S.C. §1001 et. seq. ("ERISA").

### PARTIES

2. Diana L. Fernandez, hereinafter referred to as the Plaintiff, is a resident of Taos County, New Mexico.

3. On information and belief, Defendant Hartford Life and Accident Insurance Co., hereinafter referred to as the Defendant, is a foreign corporation, having its principal place of business in Hartford, Connecticut. Defendant regularly does business in Taos

County and New Mexico and, at all times material herein, was engaged in trade of commerce as defined by Section 57-12-2 NMSA 1978.

4. Upon information and belief, its policy provisions are administered by Defendant.

## JURISDICTION AND VENUE

5. Because this is a claim for ERISA LTD benefits, the case is governed by ERISA 29 U.S.C. § 1132(f) as outlined more fully below, and for that reason, jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed with Los Alamos National Security, LLC until November 2015 when she became disabled.

7. Beginning in approximately 2014, Plaintiff's physical condition prevented her from completing tasks associated with her employment. Her sickness and ill health made her unable to work for Los Alamos National Security LLC, and prevented her from performing every duty pertaining to her occupation for remuneration or profit.

8. Plaintiff left her employment with Los Alamos National Security LLC, due to her inability to perform work as a result of her disability.

9. Plaintiff applied to Defendant for disability benefits under Defendant's Long Term Disability Benefit Plan ("the Plan"), in which she was a covered participant.

10. During that time frame and continuing thereafter, Plaintiff's condition has not improved and she has aged. As of the date of this complaint, Plaintiff is 62 years old.

11. During that time frame, no doctor or other medical provider has released Plaintiff to return to work.

12. Plaintiff went through Defendant's administrative process and Defendant made a final determination on December 9, 2016, that Plaintiff was not disabled.

## I -BREACH OF FIDUCIARY DUTY UNDER ERISA

13. In the event that it is determined that this matter is governed solely by ERISA, then the following is being pleaded in the alternative:

14. Defendant owed Plaintiff the fiduciary duty under ERISA to administer the Plan solely in the interest of the Plan's participants and beneficiaries. ERISA §404(a)(1)(A), 29 U.S.C. §(a)(1).

15. By failing to pay Plaintiff her correct, full benefits due under the Plan, Defendant has administered the Plan for its benefit, not solely in the interest of Plaintiff and other Plan participants, and thereby has violated its above fiduciary duty under ERISA.

16. As a result of this breach, Defendant and its Plan administrators are jointly and severally and personally liable to Plaintiff.

## II-PAYMENT OF BENEFITS UNDER 29 U.S.C. § 1132(a)(1)(B)

17. As a covered participant in Defendant's Plan, Plaintiff is empowered to bring a claim under 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to her under the terms of her plan, to enforce her rights under the terms of the plan, or to clarify her rights to future benefits under the terms of the Plan since Defendant has wrongfully denied her

3

claim and has not paid Plaintiff any long term disability benefits due to her under the Plan.

### III - ATTORNEY'S FEES UNDER ERISA

18. Defendant's conduct in this action is in the interests of all Plan participants, and the relief granted hereunder will benefit all such participants.

19. Defendant is able to satisfy an award of attorney's fees to Plaintiff.

20. Such an award would deter Defendant and others from so acting under similar circumstances.

21. Defendant's position and conduct were without merit during a period of extreme personal distress and disability for Plaintiff.

22. Defendant is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132 (g).

### IV- CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF

23. Defendant's actions, as set out in this Complaint, denied Plaintiff her full and correct benefits under the Plan and constitute breach of contract.

### SECOND CLAIM FOR RELIEF

24. Defendant's actions, as set out in this Complaint, breached the fiduciary duty under ERISA to administer the plan solely in the interest of the Plan's participants and beneficiaries.

**WHEREFORE**, Plaintiff respectfully prays that this Court:

      A.      Grant judgment on all of her claims.

      B.      Order that Defendant pay to Plaintiff the correct and full benefits due under the Plan.

      C.      Award Plaintiff reasonable and compensatory damages in an amount to be determined at trial, as a result of Defendant's failure to pay Plaintiff's correct, full benefits under the Plan; and for Breach of Defendant's fiduciary.

      D.      Award Plaintiff the costs of this action and her attorney's fees as provided by law, and;

      E.      Award Plaintiff such other and further relief as this Court deems just and equitable.

Respectfully submitted,

DONALD D. VIGIL, P.C.

By */Donald D. Vigil/*
   Donald D. Vigil
   Attorney for Plaintiff
   100 Fourteenth St. SW
   Albuquerque, NM 87102
   (505) 247-2020; (505) 764-8380 Fax
   donvigil@donalddvigil.com

# LAW OFFICE OF DONALD D. VIGIL PC

Donald D. Vigil
donvigil@donalddvigil.com
Nicholas C. Stiver
nick@donalddvigil.com
Komal N. Stiver
komal@donalddvigil.com

100 Fourteenth Street SW
Albuquerque, NM 87102
(505) 247 2020
(505) 764 8380 fax

February 27, 2019

Office of Superintendent of Insurance
Attn: Service of Complaints
PO Box 1689
Santa Fe, NM 87504-1689

    Re:   ***Diana L. Fernandez v. Hartford Life and Accident Insurance Co.***
           Case No.: D-820-CV-2019-00091

To Whom It May Concern:

Enclosed please find an original and two copies of a Summons and Complaint directed to Hartford Life and Accident Insurance Co. Also enclosed is our check in the amount of $20 for the service of the Summons. Please return a Certificate of Acceptance of Service in the enclosed self-addressed, stamped envelope.

Thank you for your assistance in this regard. Should you have any questions, please do not hesitate to contact us.

Sincerely yours,

DONALD D. VIGIL, P.C.

By *[signature]*
Andrea Brown Holt
Legal Assistant
andrea@donalddvigil.com

abh
Enclosures
cc:   Diana L. Fernandez